**The Mirkhan Law Firm, APC**
Mehrshad Mirkhan, Esq., SBN: 201772
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Tel: (310) 984-6999
Fax: (888) 410-1390
E-mail: mirkhan@mirkhanlaw.com
Web: www.mirkhanlaw.com

Attorneys for Defendants HALLOWS MOVIE INC., HALLOWS MOVIE LLC (Puerto Rico), HALLOWS MOVIE LLC (Louisiana), CROSSFACE LLC, LET IT PLAY LLC, ALEX A. GINZBURG, DONGKWAN "TONY" LEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONDIT, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>        vs.<br><br>HALLOWS MOVIE, INC., a Nova Scotia corporation; HALLOWS MOVIE, LLC, a Puerto Rico limited liability company; HALLOWS MOVIE, LLC, a Louisiana limited liability company; UTOPIA FILM, L.L.C., a Puerto Rico limited liability company; CROSSFACE LLC, a Louisiana limited liability company; LET IT PLAY, LLC, a Connecticut limited liability company; ALEX A. GINZBURG, an individual; DONGKWAN "TONY" LEE, an individual; HYUN KIM, an individual; JORGE ALBERTO MARTINEZ-DAVILA, an individual,<br><br>    Defendants. | Case No.: 2:19-cv-09832-AB-RAO<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: March 6, 2020<br>Time: 10:00 am<br>Place: Courtroom 7B<br><br>Judge: Hon. Andre Birotte |

THE **MIRKHAN** LAW FIRM, APC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE **MIRKHAN** LAW FIRM, APC

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................... 1

III. LEGAL ARGUMENT ............................................................................ 3

    A.    PLAINTIFF'S OPPOSITION CONFIRMS THAT ITS RICO CLAIM AND
THE CLAIM FOR CONSPIRACY TO VIOLATE RICO MUST BE
DISMISSED: ...................................................................................... 3

    B.    PLAINTIFF'S OPPOSITION FAILS TO JUSTIFY PLAINTIFF'S CAUSE
OF ACTION FOR VIOLATION OF CAL. PENAL CODE §496: ...................... 5

    C.    PLAINTIFF'S OPPOSITION DOES NOT ADDRESS THE
FUNDAMENTAL INCONSISTENCY IN ITS MONEY HAD AND
RECEIVED CAUSE OF ACTION: .................................................................. 6

    D.    PLAINTIFF'S OPPOSITION FAILS TO JUSTIFY ITS TENTH CLAIM
FOR RELIEF BASED ON CALIFORNIA'S UNFAIR COMPETITION LAW: 7

    E.    PLAINTIFF HAS NOT MET THE REQUIREMENTS OF A
CONVERSION CAUSE OF ACTION AND DEFENDANTS SUBMIT ON
THE TWELFTH CLAIM FOR FRAUDULENT CONVEYANCE: ................... 8

IV. CONCLUSION ....................................................................................... 9

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE
12(b)(6)

1

2

### <u>TABLE OF AUTHORITIES</u>

3

4
**Cases**

5
*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)........................................ 1

6
*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal.4th

7
  163, 180 (1999) ........................................................................................................ 7

8
*DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) ............................................. 5

9
*First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004)......... 5

10
*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). 5

11
*Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.,* 833 F.2d 1360

12
  (9th Cir. 1987) ........................................................................................................ 3

13
*Moore v. Regents of the Univ. of Cal.,* 51 Cal.3d 120, 136 (1990) ............................. 8

14
*People v. Miller*, 81 Cal.App.4th 1427, 1445−1446 (2000)...................................... 5

15
*Rotea v. Izuel,* 14 Cal.2d 605, 611 (1939) ............................................................. 6

16
*Sedima, SP RL v. Imrex Co.*, 473 US 479, 496 ...................................................... 3

17
*Sedima, SP RL v. Imrex Co.*, 473 US 479, 496 (1985).......................................... 3

**Statutes**

18
18 U.S.C. §1343 ...................................................................................................... 7

19
Business and Professions Code section 17200 ........................................................ 7

20
Federal Rules of Civil Procedure Rule 8 (a)(2) ...................................................... 1

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

THE **MIRKHAN** LAW FIRM, APC

# I.    INTRODUCTION

Plaintiff's Opposition attempts to portray Defendants' entire Motion to Dismiss as a meritless motion that does not conform with the requirements of a Rule 12(b)(6) Motion to Dismiss.  Yet, Plaintiff utilizes 23 pages to defend its Complaint and the specified causes of action contained therein.  The truth of the matter is that Defendants' motion raises serious and meritorious deficiencies with some of the causes of action contained in Plaintiff's Complaint and as a result Plaintiff feels compelled to write 23 pages in defense of those causes of action.  However, the court must not be confused by the length of Plaintiff's Opposition and instead focus on the very precise and specific deficiencies raised by Defendants' motion.  Plaintiff's Opposition has not adequately addressed the numerous deficiencies identified by Defendants' motion.

No matter how Plaintiff spins the facts or portrays its Complaint, the undeniable fact remains that this action is primarily concerned with an alleged breach of a loan contract, an alleged default on the part of Defendants, and alleged damages suffered by Plaintiff as a result of the default.  While Plaintiff may also include claims of misrepresentation based on the facts alleged in its Complaint, Plaintiff should not be allowed to present an overblown case by utilizing causes of action that border on criminal behavior and use statutes that are primarily designed to punish and deter organized criminal activity.  Doing so would not only be unfair to Defendants, but it would also open the floodgates of litigation to Plaintiffs who might use an overwhelming number of causes of action in an effort to obtain an unfair litigation advantage against defendants whose conduct does not fit the intended purposes of the relevant statutes.

Plaintiff's Opposition states that the Federal Rules of Civil Procedure Rule 8 (a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief"; Federal Rules of Civil Procedure, Rule 8 (a)(2).  However, Plaintiff fails to realize that the United States Supreme Court decision in *Bell Atlantic*

-1-

THE **MIRKHAN** LAW FIRM, APC

*Corporation v. Twombly*, 550 U.S. 544 (2007), significantly altered the application of this Rule in federal court pleading practice and procedure. Hence, "actual allegations must be enough to raise a right to relief above the speculative level…." Id.

Defendants' Motion to dismiss with respect to Plaintiff's First Claim based on Racketeer Influenced and Corrupt Organizations Act (hereafter "RICO"), Second Claim based on Conspiracy to violate RICO, and Third Claim based on violation of California Penal Code §496, represent the most important part of Defendants' motion. Plaintiff argues that it has met all the requirements of a RICO cause of action. However, it is clearly obvious that Plaintiff's entire RICO causes of action are based on a "single transaction" consisting of Defendants obtaining the loan underlying Plaintiff's present action. Plaintiff's Complaint attempts to show that obtaining the loan and then allegedly defaulting on the obligation to repay the loan can constitute an enterprise conducting a "pattern of racketeering activity." The court must not be deceived by Plaintiff's attempt to complicate a simple issue. No matter how Plaintiff spins it, this is a "single transaction" concerning a single loan obtained from the same entity (i.e. Plaintiff BondIt, LLC). <u>In fact, binding case law authority cited by Plaintiff in its Opposition is directly on point and mandates the dismissal of Plaintiff's RICO cause of action</u>. Thus, there is no "pattern of racketeering activity". The fallacy of Plaintiff's position can be shown by demonstrating that if the event of alleged default can somehow be redressed by Defendants and Plaintiff receives the full amount of money that it demands, then the "pattern of racketeering activity" suddenly disappears. Similarly, there is no theft as the money was advanced with Plaintiff's full knowledge and consent and  pursuant to a comprehensive contract. Therefore, the requirements for California Penal Code §496 can never be met.

As to Plaintiff's Fifth Claim for Money had and Received, the issue is that the cause of action is unavailable when there is an allegedly express contract between the parties. This issue has not been adequately addressed in Plaintiff's Opposition. As to the Tenth Claim for Unfair Competition, again Plaintiff is attempting to punish the

-2-

THE **MIRKHAN** LAW FIRM, APC

alleged default of a loan by a statute which is primarily used to address unfair competition between businesses in the state of California.   This is a misuse of the Unfair competition statute.

## III. LEGAL ARGUMENT

## A.   PLAINTIFF'S OPPOSITION CONFIRMS THAT ITS RICO CLAIM AND THE CLAIM FOR CONSPIRACY TO VIOLATE RICO MUST BE DISMISSED:

The validity of Plaintiff's RICO claim is simply a matter of statutory construction as has been codified under 18 U.S.C. §1962(c).  The statute states in relevant part:  "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.  18 U.S.C. §1962(c).

A violation of § 1962(c), requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim.  *Sedima, SP RL v. Imrex Co.*, 473 US 479, 496 (1985).  The obvious issue here is that Plaintiff has a serious problem demonstrating the existence of an enterprise engaged in a pattern of racketeering activity.  This is due to the fact that we are talking about a "single transaction", namely the advance of a motion picture loan by the Plaintiff to the Defendants.  Plaintiff has attempted to portray this "single transaction" as a pattern of racketeering activity.  Yes, this "single transaction" might have subparts, but this does not change its character from being a "single transaction".  Plaintiff's Opposition merely confirms this fact.   The cases cited by Plaintiff actually are more in favor of supporting Defendants' position in this regard and conclusively establish that Defendants' position is correct.

-3-

THE MIRKHAN LAW FIRM, APC

The Court is referred to the case *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.,* 833 F.2d 1360 (9th Cir. 1987), cited by Plaintiff (See Opposition 11:18-22) which provides binding authority for this court and presents facts that are similar to the present action.  The following direct quotes from the case are instructive:  "This case involved but a single alleged fraud with a single victim. All of SelecTV's assertions about the number of licensing agreements it had obtained were parts of its single effort to induce Medallion to form the joint venture in order to obtain the broadcast rights from the promoters. In essence, Medallion's allegations concern a single fraudulent inducement to enter a contract. Once the joint venture had acquired the broadcast rights, the fraud, if indeed it was a fraud, was complete. Medallion has not directed us to any evidence that SelecTV defrauded it in any other way as a part of this scheme or any other, nor is there anything in the nature of the transaction to suggest that SelecTV would have needed to commit any other fraudulent acts. Similarly, notwithstanding Medallion's unsupported assertions to the contrary, Medallion was the single victim of the alleged fraud." *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.,* 833 F.2d 1360, 1363-1364 (9th Cir. 1987).

The *Medallion* court also cites *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (1986), another binding authority which holds as follows: "Schreiber's allegations did not establish, however, the "threat of continuing activity." Sedima, 105 S.Ct. at 3285 n. 14. The complaint alleged the fraudulent diversion of a single shipment of Chambers' products in 1982. This appears to be an "isolated event." See id. Because of the failure to allege facts establishing the "threat of continuing activity," Schreiber's complaint did not meet the requirement of a showing of "continuity plus relationship which combines to produce a pattern." Id. The RICO counts were properly dismissed for failure to state a claim on this ground. *Id.* at 1399.

In the instant case there is absolutely no "threat of continuing activity" since we are dealing with a single transaction namely the advance of the $1.5 million loan by the Plaintiff to Defendants.  Thus, based on controlling authority of the 9th Circuit,

-4-

THE **MIRKHAN** LAW FIRM, APC

Plaintiff's RICO claim must be dismissed.   In fact, the *Medallion* court's final observation is instructive: "If the fraud alleged here constitutes a pattern of racketeering activity, rare would be the fraud that could not be pleaded as a RICO case." *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.,* 833 F.2d 1360, at 1365 (9th Cir. 1987).

Finally, A RICO claim based on mail and wire fraud must satisfy Federal Rule of Civil Procedure 9(b) by pleading with particularity the circumstances constituting fraud. See *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013).   In addition, facts must be alleged as to each individual defendant. *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001).   Finally, a RICO "enterprise" must be separate and distinct from the "person" conducting the racketeering activities of the enterprise. *DeFalco*, 244 F.3d at 307.   While these cases are from the 2nd Circuit, Plaintiff has not cited any 9th Circuit case that mandates a different rule than above. Therefore, the above cases serve as strong persuasive authority.

It is important to note that Plaintiff merely alleges that Defendants funneled money to themselves "at the expense of BondIt and others" Comp. ¶71.   Yet, Plaintiff does not identify who the "others" are.

As to Plaintiff's Conspiracy claim, because plaintiff has failed to state a substantive RICO claim, plaintiff's RICO conspiracy claim necessarily fails as well. See *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004).

## B.   PLAINTIFF'S OPPOSITION FAILS TO JUSTIFY PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF CAL. PENAL CODE §496:

Plaintiff's Opposition attempts to redress the deficiency contained in its cause of action for violation of Cal. Penal Code §496 by citing *People v. Miller*, 81 Cal.App.4th 1427, 1445−1446 (2000).   However, the cited case simply pertains to theft by false

-5-

THE MIRKHAN LAW FIRM, APC

pretenses. Moreover, Plaintiff's cited case is not even remotely similar to the present case. The *Miller* case concerned a woman who frequently visited an 84 year old man's house by pretending that she loved the old man and induced him to pay money to her in reliance of her false pretenses. This fact pattern is in no way similar to the fact pattern of this case.

Plaintiff has failed to cite a single legal authority that supports the proposition that Cal. Penal Code §496 may be utilized based on allegations sounding in fraud or even an allegation of theft by false pretenses. If the court accepts Plaintiff's proposition, then every plaintiff with a fraud claim involving the payment of money can utilize the Penal Code to allege some kind of criminal theft. Such a result is certainly not advisable and not consistent with California's legal procedure. Plaintiff advanced the loan in accordance with the terms of its comprehensive contract. Plaintiff further chose to modify the terms of the original loan contract in order to prevent default. The decision to amend the original loan contract was a voluntary decision made by the Plaintiff. The facts do not show theft by false pretenses and the most that can be alleged is misrepresentation which Plaintiff has a separate claim for in the Complaint.

## C. PLAINTIFF'S OPPOSITION DOES NOT ADDRESS THE FUNDAMENTAL INCONSISTENCY IN ITS MONEY HAD AND RECEIVED CAUSE OF ACTION:

The action for money had and received is based upon an implied promise which the law creates to restore money which the defendant in equity and good conscience should not retain. *Rotea v. Izuel,* 14 Cal.2d 605, 611 (1939). The concept of an implied promise is inconsistent with the existence of an express contract. While it is true that Plaintiff may assert as many claims as it has regardless of consistency (Federal Rules of Civil Procedure 8(d)(3)), the Federal Rules do not prohibit a Defendant from bringing a Rule 12(b)(6) Motion against an inconsistent claim. In

-6-

essence, Defendants' position is that Plaintiff cannot rely on two related and inconsistent claims and must choose one or the other. This is not a case where the inconsistent claims provide multiple cumulative remedies such as when a Plaintiff sues both on theories of contract and tort. Instead, the claim for Money Had and Received implies that there is no contract between the parties while the claim for breach of an express contract take the exact opposite position.

Since Defendants have to prepare for trial, this total inconsistency is prejudicial to Defendants and impairs their ability to effectively prepare for trial. For this reason, the claim for Money Had and Received must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## D.   PLAINTIFF'S OPPOSITION FAILS TO JUSTIFY ITS TENTH CLAIM FOR RELIEF BASED ON CALIFORNIA'S UNFAIR COMPETITION LAW:

Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice." Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: 1) unlawful acts or practices, 2) unfair acts or practices, and 3) fraudulent acts or practices. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal.4th 163, 180 (1999). The problem here is that there is no business act or practice. Plaintiff's Opposition argues that Plaintiff's Complaint has alleged "unlawful conduct" under 18 U.S.C. §1962(c), and wire fraud in violation of 18 U.S.C. §1343. Plaintiff also contends that it has alleged "fraudulent" conduct. However, the problem is that all of the unlawful or fraudulent conduct that Plaintiff is complaining about is NOT part of a distinct business act or practice directed against the Plaintiff. Instead, the conduct pertains to the loan that was advanced by the Plaintiff to Defendants. There is no identifiable act or business practice directed against the Plaintiff. The scope of the Unfair Competition law is: "anything that can properly be called a business practice and that at the same time is

-7-

THE MIRKHAN LAW FIRM, APC

forbidden by law." *Cel-Tech Communications v. La Cellular*, 83 Cal.Rptr.2d 548, 561 (1999). However, in the instant case, all of Plaintiff's allegations pertaining to the conduct of Defendants stem from Plaintiff's advance of the motion picture loan to Defendants. No independent business practice or act that is forbidden by law has been shown. For this reason, Plaintiff's Unfair Competition claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**E.   PLAINTIFF HAS NOT MET THE REQUIREMENTS OF A CONVERSION CAUSE OF ACTION AND DEFENDANTS SUBMIT ON THE TWELFTH CLAIM FOR FRAUDULENT CONVEYANCE:**

'To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession . . .. Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion.' " *Moore v. Regents of the Univ. of Cal.,* 51 Cal.3d 120, 136 (1990). Here, Plaintiff voluntarily advanced a motion picture loan to Defendants. Defendants came into possession of the proceeds of the loan in a legal manner. Therefore, there was never an actual interference with Plaintiff's ownership rights or right to possession of the loan as this was a voluntary transfer of money by the Plaintiff. Based on these facts, Plaintiff's Eleventh Claim for Conversion must be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As to Plaintiff's Twelfth Claim for fraudulent conveyance, Defendants submit based on the arguments and authority presented in the initial moving papers of the Motion.

///

///

///

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's First, Second, Third, Fifth, Tenth, Eleventh, and Twelfth Claims for Relief  must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure without leave to amend.

Respectfully Submitted.


Dated:  February 21, 2020                    THE MIRKHAN LAW FIRM, APC


                                             /s/ Mehrshad Mirkhan
                              By:           _____
                                             Mehrshad Mirkhan
                                             ATTORNEYS FOR DEFENDANTS



-9-