Martin J. Barab (State Bar No. 47419)
mbarab@hamricklaw.com
A. Raymond Hamrick, III (State Bar No. 93821)
aray@hamricklaw.com
Kenneth A. Kotarski (State Bar No. 100954)
kkotarski@hamricklaw.com
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Plaintiff
BONDIT LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONDIT LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HALLOWS MOVIE INC., et al.<br><br>　　　　　Defendants. | Case No. 2:19-cv-09832-SB-RAO<br><br>**JOINT STATUS CONFERENCE REPORT**<br><br>Complaint Filed:　November 15, 2019<br><br>Hearing Date:　August 13, 2021<br>Time:　8:30 a.m.<br>Courtroom:　6C<br><br>Pretrial Conf:　Vacated<br>Trial Date:　Vacated |

　　　　Plaintiff BONDIT LLC ("Plaintiff" or "BondIt"), on the one hand, and Defendants HALLOWS MOVIE INC., a Nova Scotia corporation, HALLOWS MOVIE, LLC, a Puerto Rico limited liability company, HALLOWS MOVIE LLC, a Louisiana limited liability company, CROSSFACE LLC, a Louisiana limited liability company, LET IT PLAY LLC, a Connecticut limited liability company, ALEX A. GINZBURG, an individual, and DONGKWAN "TONY" LEE, an individual, (collectively, "Defendants"), on the other hand, through their respective counsel of record, hereby jointly submit the following report (i) in response to the Order to Show Cause why the action should not be dismissed with prejudice, and (ii) regarding the status of this action:

## I. THE SETTLEMENT OF THE CONTRACT-BASED CLAIMS FOR RELIEF

Plaintiff and Defendants have stipulated that Judgment may be entered in this action without a trial on the merits, further Order, or without further notice, in favor of Plaintiff BONDIT LLC and against Defendants HALLOWS MOVIE INC., a Nova Scotia corporation ("HM-Canada"), HALLOWS MOVIE, LLC, a Puerto Rico limited liability company ("HM-Puerto Rico"), HALLOWS MOVIE LLC, a Louisiana limited liability company ("HM-Louisiana"), CROSSFACE LLC, a Louisiana limited liability company ("Crossface"), LET IT PLAY LLC, a Connecticut limited liability company ("Let It Play"), ALEX A. GINZBURG, an individual ("Ginzburg"), and DONGKWAN "TONY" LEE ("Lee"), an individual, and each of them, jointly and severally, in the principal amount of $1,650,000.00 (the "Judgment Amount"), on the following contract-based Claims for Relief in the First Amended Complaint:

- The Second Claim for Relief for Breach of Written Contracts against Defendants HM-Canada, Let It Play, Crossface, Ginzburg, and Lee;
- The Third Claim for Relief for Money Had and Received against all Defendants; and
- The Fourth Claim for Relief for Breach of Amended Written Contracts against Defendants HM-Canada, HM-Puerto Rico, Let It Play, Crossface, Ginzburg, and Lee.

Interest at the fixed rate of ten percent (10%) per annum will accrue on the Judgment Amount, commencing as of the date of entry of Judgment.

In this regard, Plaintiff and Defendants have also entered into a Tolling and Reservation of Rights Agreement intended to toll the running of any applicable statutes of limitations and any period of time within which Plaintiff's remaining tort-based Claims for Relief in this action may be asserted against Defendants, and to preserve for each Party any and all rights that may or could exist against any other Party.

**JOINT STATUS CONFERENCE REPORT**

Notably, the Parties do not want the passage of time between the filing of the initial Complaint in this action and the termination date of the Tolling and Reservation of Rights Agreement to interfere with or unnecessarily limit their opportunity to pursue claims or defenses against one another. Thus, the Parties intend to toll, effective as of the date of the filing of the initial Complaint in this action, all applicable statute of limitations, laches, and/or other time periods applicable to each Party's potential demands, tort-based causes of actions or tort-based claims as identified above, claims for relief, positions, rights, remedies and defenses in law and in equity possessed by each of the Parties as against the other until the agreed Termination Date of the Tolling and Reservation of Rights Agreement.[1]

In the interim, Plaintiff has agreed to refrain from pursuing any collection efforts to recover the Judgment Amount against any Defendant, including filing any new lawsuits in connection with this action, until the Termination Date. Upon the occurrence of the Termination Date, and in the event that Plaintiff is required to file a new lawsuit against Defendants with respect to Plaintiff's remaining tort-based Claims for Relief in this action, Defendants, and each of them, shall accept service of the suit papers via e-mail to their current counsel in this action.

## II. DOCUMENTATION OF THE SETTLEMENT

Pursuant to the settlement of the contract-based claims for relief, the parties have fully-executed the following documents:

1. [Proposed] Stipulated Judgment with Respect to Defendants Hallows Movie Inc., Hallows Movie, LLC, Hallows Movie LLC, Crossface LLC,

---

[1] The "Termination Date" shall be the earlier of: (i) the date on which a final decision is rendered in Ginzburg's separate action against Utopia Film L.L.C. and Jorge Alberto Martinez-Davila in the United States District Court for the District of Puerto Rico (the "Puerto Rico Action"), or (ii) the date on which a final decision is rendered in the separate indemnity action by Ginzburg against Utopia Film L.L.C. and Jorge Alberto Martinez-Davila in this Court (the "Ginzburg Cross-Claim Action"), or (iii) the date on which a settlement of the Puerto Rico Action is executed by or on behalf of all parties to that action, or (iv) the date on which a settlement of the Ginzburg Cross-Claim Action is executed by or on behalf of all parties to that action, or (v) 12 months from the filing of the Stipulated Judgment in this action.

>Let It Play LLC, Alex A. Ginzburg, and Dongkwan "Tony" Lee on the Second, Third and Fourth Claims for Relief in the First Amended Complaint;

2. Tolling and Reservation of Rights Agreement; and

3. Settlement Agreement.

Moreover, the parties intend to file a Joint Motion for Stipulated Judgment with Respect to Defendants Hallows Movie Inc., Hallows Movie, LLC, Hallows Movie LLC, Crossface LLC, Let It Play LLC, Alex A. Ginzburg, and Dongkwan "Tony" Lee on the Second, Third and Fourth Claims for Relief in the First Amended Complaint.

## III. THE PARTIES REQUEST A DISMISSAL *WITHOUT PREJUDICE*

The intent of the parties is to dismiss the pending action *without prejudice* so as to facilitate the prosecution of Plaintiff's remaining tort-based Claims for Relief (set forth below) in the event that the Judgment is not satisfied, in full, as of the Termination Date. The parties have further stipulated that the Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further Orders and directives as may be necessary or appropriate for the interpretation or modification of this Stipulation, or for the enforcement of compliance therewith.

### A. Plaintiff's Tort-Based Claims for Relief

Plaintiff's remaining tort-based Claims for Relief include each of the following Claims for Relief in the First Amended Complaint:

- The First Claim for Relief for Violation of California Penal Code Section 496 against all Defendants;

- The Fifth Claim for Relief for Fraud – Concealment and Non-Disclosure against Defendants HM-Canada, Let It Play, Crossface, Ginzburg, Lee, HM-Puerto Rico, and HM-Louisiana;

- The Sixth Claim for Relief for Negligent Misrepresentation against Defendants HM-Canada, Let It Play, Crossface, Ginzburg, Lee, HM-Puerto Rico, and HM-Louisiana;

- The Ninth Claim for Relief for Conversion against all Defendants;

- The Tenth Claim for Relief for Fraudulent Conveyance against all Defendants; and

- The Eleventh Claim for Relief for Breach of Covenant of Good Faith and Fair Dealing against Defendants HM-Canada, HM-Puerto Rico, Let It Play, Crossface, Ginzburg, and Lee.

## IV. CONCLUSION

Based on the foregoing, including the terms of the [Proposed] Stipulated Judgment, the Tolling and Reservation of Rights Agreement, and the Settlement Agreement, Plaintiff and Defendants, and each of them, respectfully request that the Court dismiss this action without prejudice to facilitate the prosecution of Plaintiff's remaining tort-based Claims for Relief in the event that the Judgment to which the parties have stipulated is not satisfied, in full, as of the agreed Termination Date of the Tolling and Reservation of Rights Agreement.

DATED: August 5, 2021

Respectfully submitted,

HAMRICK & EVANS, LLP

By: /s/ *A. Raymond Hamrick, III*
MARTIN J. BARAB
A. RAYMOND HAMRICK, III
KENNETH A. KOTARSKI
Attorneys for Plaintiff
BONDIT LLC

DATED: August 5, 2021

Respectfully submitted,

THE MIRKHAN LAW FIRM, APC

By: /s/ *Mehrshad Mirkhan*
MEHRSHAD MIRKHAN
Attorneys for Defendants
HALLOWS MOVIE INC., a Nova Scotia corporation, HALLOWS MOVIE, LLC, a Puerto Rico limited liability company, HALLOWS MOVIE LLC, a Louisiana limited liability company, CROSSFACE LLC, a Louisiana limited liability company, LET IT PLAY LLC, a Connecticut limited liability company, ALEX A. GINZBURG, an individual, and DONGKWAN "TONY" LEE, an individual

## L.R. 5-4.3.4(A)(2)(I) CERTIFICATION

I, A. Raymond Hamrick, III, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ A. Raymond Hamrick, III